**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**FILED**

FEB 2 4 2005

**CLERK, U.S. DISTRICT COURT**
By _____
　　　　Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARRETT SCHWAB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 304-CV-1748 L |
| | § | |
| WYNDHAM INTERNATIONAL, INC. | § | |
| and WIPC MANAGEMENT, LLC D/B/A | § | |
| WYNDHAM INTERNATIONAL | § | |
| CORPORATE OFFICE, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT WIPC MANAGEMENT LLC'S MOTION TO COMPEL AND FOR ATTORNEYS' FEES AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant WIPC Management, LLC ("WIPC"), incorrectly identified by Plaintiff as WIPC Management, LLC d/b/a Wyndham International Corporate Office, files its Motion to Compel and for Attorneys' Fees, and would respectfully show the following:

## I.
### INTRODUCTION AND PROCEDURAL HISTORY[1]

This is a sexual orientation discrimination case masquerading as a case for sex discrimination based on sex stereotyping. On November 9, 2004, Plaintiff served his initial disclosures. (App. at 1-4). On October 21, 2004, Wyndham served Plaintiff Garrett Schwab ("Plaintiff") with its First Set of Interrogatories and First Request for Production. On November 19, 2004, Plaintiff, by and through his counsel of record, timely served his responses and objections. (App. at 5-33). WIPC initially noticed Plaintiff's deposition for March 1, 2005, but

---

[1] Anticipating that the Court would refer this Motion to Magistrate Kaplan, Defendant complied with Magistrate Kaplan's standard conference order prior to filing this motion.

cannot proceed with the deposition due to a complete lack of production or supplementation by Plaintiff.

A number of Plaintiff's discovery responses were inadequate. WIPC made several attempts to resolve the matters in dispute without Court intervention. First, WIPC advised Plaintiff in writing of his specific, insufficient discovery responses. (App. at 34-38). Second, WIPC's counsel met in person with Plaintiff's counsel for more than two hours on January 18, 2005 in an attempt to resolve the disputed issues. During the meeting, Plaintiff's counsel informed WIPC's counsel that even though he had agreed to produce documents in response to particular requests for production, he changed his mind and would not provide any responsive documents. WIPC's counsel was unable to persuade Plaintiff's counsel to abide by his written discovery responses. Third, WIPC's counsel memorialized in writing the agreements reached during the January 18th face-to-face meeting and asked Plaintiff's counsel to confirm his understanding of the parties' agreements and disagreements for purposes of narrowing the scope of any motions to compel. (App. at 39-46). Fourth, WIPC's counsel sent another letter requesting Plaintiff's compliance. (App. at 47-48). To date, Plaintiff's counsel has not responded to the letters or subsequent voice mail, produced any documents, sent his own letter regarding his understanding of the discovery issues, or provided any oral or written indication that the matters set forth in this Motion are no longer in dispute.

## II.
## THE SCOPE OF DISCOVERY IS BROAD

Courts have long recognized the broad scope of discovery. *United States v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991). The discovery rules are to be accorded a broad and liberal treatment. *Id.* "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id.* (quoting *Hickman v. Taylor*, 329 U.S. 495, 506-507 (1947)).

Rule 26(b) of the Federal Rules of Civil Procedure expressly authorizes the discovery of any matter concerning the subject matter of this case. Such information is discoverable as long

as it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). The information sought by WIPC is relevant, material to the disposition of this case, and reasonably calculated to lead to the discovery of admissible evidence, yet Plaintiff has asserted unfounded objections and failed to provide responsive answers.

Accordingly, WIPC seeks an order requiring Plaintiff to provide specific information requested in WIPC's interrogatories and requests for production of documents, and to honor his own, written discovery responses wherein he agreed to produce documents. WIPC further seeks recovery of its costs and attorneys' fees associated with this motion, and any further relief to which it may be entitled.

**III.**
**DISCOVERY REQUESTS ON WHICH THE PARTIES AGREED, BUT**
**TO WHICH PLAINTIFF HAS NOT RESPONDED**

As noted above, the parties reached agreement during the face-to-face meeting on a number of issues. Since that meeting, Plaintiff's counsel has inexplicably refused to communicate, in any manner, with WIPC's counsel and comply with the agreements reached. To avoid a request for relief from this Court regarding the *agreed* matters that require Plaintiff's supplementation or production, WIPC's counsel waited additional time to see if Plaintiffs' counsel complied with the agreement. There has been no such compliance. WIPC therefore moves to compel the following discovery: (1) responsive answers and/or documents in connection with Plaintiff's Rule 26(A), (B), and (C) disclosures; (2) responsive answers to Interrogatory Nos. 2, 4-7, and 14; and (3) Request for Production Nos. 9 and 42.

**IV.**
**PLAINTIFF'S INSUFFICIENT INTERROGATORY ANSWERS**

Plaintiff's responses to Interrogatory Nos. 3 and 8 are deficient as follows:

**INTERROGATORY NO. 3:**

Have you attempted to secure employment with an employer other than Defendant since September 1, 2003? If your answer is "yes," identify each prospective employer you have contacted and the date you made the contact; the job applied for; the salary and benefit packages

corresponding to each offer, if any; whether you accepted any offer; and if you declined any job offer please explain why such offer was declined.

**ANSWER:**

Plaintiff has attempted to secure employment. Plaintiff will supplement this response. Please see Plaintiff's reports to the Texas Employment Commission/Texas Workforce Commission. Plaintiff currently is self-employed. Plaintiff as been self-employed since May, 2004 and has been an insurance sales agent for Family Heritage since July 10, 2004.

This Interrogatory is directly related to WIPC's timely pled failure to mitigate defense. WIPC terminated Plaintiff's employment in September 2003, yet Plaintiff's response only addresses Plaintiff's current employment and does not account for the eight-month period between Plaintiff's separation from employment with WIPC and his job with Family Heritage. WIPC is entitled to know whether Plaintiff worked anywhere for any length of time during this intervening period and whether he currently has any other jobs, because in an employment case such as this, Plaintiff must mitigate his damages, and has an affirmative duty to exercise reasonable diligence to obtain substantially equivalent employment. *Migis v. Pearle Vision, Inc.* 135 F.3d 1041, 1045 (5th Cir. 1998). Plaintiff has had nearly four months to provide the requested information, but has not done so. His reliance on TWC documents is inadequate because Plaintiff does not confirm that the information, if any, contained in those records is current, complete, and responsive to the Interrogatory. Further, Plaintiff's incomplete answer fails to include salary and benefits information as requested. During the face-to-face meeting, Plaintiff's counsel maintained Plaintiff applied "informally" to jobs, and that Defendants' counsel should ask for this information during Plaintiff's deposition, as opposed to in an interrogatory. The parties could not reach agreement on this issue and therefore, WIPC moves to compel a responsive answer.

**INTERROGATORY NO. 8:**

Identify and describe with specificity each source of income or financial support you have had since September 1, 2003, the date or dates upon which such income or financial support was received, and identify the amount, in terms of monthly or other periodic payments, of income or financial support from each source identified.

**ANSWER:**

Plaintiff objects as irrelevant. Subject to and without waiving this objection, Plaintiff responds as follows:

Plaintiff received unemployment benefits from the Texas Workforce Commission. The amount and nature of such benefits are contained in the Texas Workforce Commission records. Plaintiff has signed a release and authorization for Defendant to obtain these records.

WIPC seeks this information because it is entitled to offset against Plaintiff's alleged damages any monies Plaintiff has earned since his separation from employment with WIPC. *See, e.g., Stephens v. The C.I.T. Group/Equip. Fin., Inc.* 955 F.2d 1023, 1028 (5th Cir. 1992) ("Courts uniformly offset interim earnings from back pay awards in order to make the Plaintiff whole, yet avoid windfall awards.") Plaintiff's answer is clearly deficient considering that, in response to Interrogatory No. 3, he identified at least one other employer from whom he is presumably earning an income, but has not listed any income from that employment. Despite Plaintiff's initial objection to this Interrogatory as irrelevant, Plaintiff agreed to produce responsive documents. During the face-to-face meeting, however, Plaintiff's counsel changed course and asserted that *any* sources of income for Plaintiff following his employment were irrelevant. Due to the parties' inability to agree on this issue, WIPC moves to compel a complete and responsive answer.

**V.**

**PLAINTIFF'S INSUFFICIENT REQUEST FOR PRODUCTION RESPONSES**

Plaintiff's responses to Requests for Production Nos. 2, 6, 7, 8, 10, 21, 24-28, and 31 are deficient as follows:

**REQUEST FOR PRODUCTION NO. 2:**

All documents regarding, concerning or otherwise relating to your employment with Defendant, or separation of employment thereof, including, but not limited to, personnel documents, correspondence, memoranda, handwritten or typed notes, payroll records, tape recordings, job descriptions and documents reflecting job classification.

**RESPONSE:**

Plaintiff objects as overly broad and vague. Subject to and without waving [sic] this objection, any responsive documents will be produced.

This Request relates to WIPC's timely asserted after-acquired evidence defense. Specifically, WIPC seeks the production of any documents in Plaintiff's possession that he took with him, or failed to return, upon his separation from employment. The Request is neither broad nor vague because it seeks all of WIPC's documents in Plaintiff's possession that relate to his employment, and then provides specific examples of the requested material. Despite Plaintiff's agreement, notwithstanding his objections, to produce responsive documents in his possession, Plaintiff's counsel changed his mind during the face-to-face meeting and said Plaintiff would only produce documents if each type (i.e., job descriptions, payroll information), were specifically requested. Plaintiff's counsel also asserted the after-acquired evidence defense did not apply to the types of documents requested. WIPC moves for an order compelling the production of the requested information.

**REQUEST FOR PRODUCTION NO. 6:**

All documents that relate to your job performance with Defendant, including but not limited to, evaluations, correspondence, awards, certificates, disciplinary notices or warnings, notes, and memoranda.

**RESPONSE:**

Plaintiff objects as overly broad and vague. Subject to and without waving [sic] this objection, any responsive documents will be produced.

As is the case with Request for Production Nos. 2, WIPC asks for documents relevant to its after-acquired evidence defense. Additionally, and among other things, WIPC seeks to substantiate Plaintiff's conclusory allegations in his Complaint that he was a top producer and received an award while at WIPC. (*See* ¶ 7 of Plaintiff's First Amended Complaint). Although Plaintiff agreed to produce documents subject to his objection, his counsel decided, during the face-to-face meeting, that Plaintiff would only produce evaluations and awards. Once again, WIPC is entitled to determine which employment-related documents Plaintiff retained following his separation from employment, and moves to compel this information.

**REQUEST FOR PRODUCTION NO. 7:**

Any non-privileged statement(s) made by you regarding your factual and legal allegations in this lawsuit including any written statements signed or otherwise adopted or approved by you in any stenographic, mechanical, electric or other type of recording or any transcription thereof made by you and contemporaneously recorded. This request specifically includes any tape or audio-recordings of any such statement(s).

**RESPONSE:**

Plaintiff objects as overly broad and vague. Subject to and without waving [sic] this objection, any responsive documents will be produced.

During the face-to-face meeting, Plaintiff's counsel, despite his Response, asserted the Request was too broad and he would not produce the requested information. The Request is narrowly tailored to *non-privileged* statements by Plaintiff regarding the factual and legal allegations *in this lawsuit*. In his other discovery responses, Plaintiff admitted he sent a "press release" regarding his allegations in this lawsuit to more than 200 gay, lesbian, and/or transgender news outlets. Although Plaintiff has not yet produced the press release, it is an example of the type of document WIPC seeks in this Request. Due to Plaintiff's refusal to produce *any* requested documents, WIPC moves to compel a response.

**REQUEST FOR PRODUCTION NO. 8:**

Any written statement(s) made by Defendant concerning the factual and legal allegations made by you in this lawsuit.

**RESPONSE:**

Plaintiff objects as overly broad and vague. Subject to and without waving [sic] this objection, any responsive documents will be produced.

During the face-to-face meeting, Plaintiff's counsel, despite his actual Response, asserted the Request was too broad and he would not produce any statements made by WIPC regarding the allegations in this lawsuit. Rule 26(b) provides, in relevant part, that "a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party." This Request is clearly proper, and WIPC therefore moves to compel Plaintiff to produce the requested documents.

**REQUEST FOR PRODUCTION NO. 10:**

All documents regarding, concerning or otherwise relating to any statement you contend constitutes an admission of Defendant with respect to the causes of action asserted in the Complaint.

**RESPONSE:**

Plaintiff objects as overly broad and vague. Subject to and without waving [sic] this objection, any responsive documents will be produced.

This Request is similar to Request No. 8 because it seeks the production of any documents containing admissions by WIPC related to this lawsuit. There is nothing vague about the Request because it is narrowly tailored to admissions by WIPC related to Plaintiff's causes of action. During the face-to-face meeting, Plaintiff's counsel decided he would not produce any of the requested documents, despite his written response to the contrary. WIPC moves to compel production of the requested documents.

**REQUEST FOR PRODUCTION NO. 21:**

All documents, including medical records and reports, created, authored or reviewed by each person you identified as having knowledge of relevant facts.

**RESPONSE:**

Plaintiff will produce the authorization for disclosure of protected health information in lieu of documents.

This response is insufficient because Plaintiff has identified individuals who have knowledge of relevant facts, and a medical authorization is not a valid method by which WIPC can obtain the requested documents. During the face-to-face meeting, Plaintiff's counsel decided the Request was too broad and Plaintiff would not respond. Plaintiff's counsel failed to assert a timely objection on this ground, and has therefore waived his right to complain about the overbreadth of the Request. WIPC moves to compel the requested information.

**REQUEST FOR PRODUCTION NO. 24:**

All documents, photographs, slides, negatives, motion pictures, video tapes or other visual reproduction relating to the subject matter of this lawsuit or to the damages claimed by you herein.

**RESPONSE:**

Plaintiff objects as overly broad and vague. Subject to and without waiving this objection, any responsive documents will be produced.

WIPC's Request is narrowly tailored to the issues in this litigation. During the face-to-face meeting, Plaintiff's counsel asserted, in contradiction to his response, that the Request was too broad and he would not produce *any* responsive documents. WIPC moves to compel Plaintiff to produce the information requested.

**REQUEST FOR PRODUCTION NO. 25:**

All documents which evidence, describe, concern or otherwise relate to the allegations in Paragraphs 6 through 31 of your Complaint.

**RESPONSE:**

Plaintiff objects to this Request as overly broad and vague.

**REQUEST FOR PRODUCTION NO. 26:**

All documents which evidence, describe, concern or otherwise relate to the allegations in Paragraphs 32 through 35 of your Complaint.

**RESPONSE:**

Plaintiff objects to this Request as overly broad and vague.

**REQUEST FOR PRODUCTION NO. 27:**

All documents which evidence, describe, concern or otherwise relate to the allegations in Paragraphs 36 through 37 of your Complaint.

**RESPONSE:**

Plaintiff objects to this Request as overly broad and vague.

**REQUEST FOR PRODUCTION NO. 28:**

All documents which evidence, describe, concern or otherwise relate to the allegations in Paragraphs 38-39 of your Complaint.

**RESPONSE:**

Plaintiff objects to this Request as overly broad and vague.

Plaintiff's objections to Request Nos. 25-28 are unconscionable because the Requests seek information related to specifically enumerated paragraphs in Plaintiff's own Complaint. WIPC is entitled to know whether Plaintiff has any documents that relate in any way to Plaintiff's allegations in this lawsuit. During the face-to-face meeting, Plaintiff's counsel reaffirmed his objection and refused to produce any responsive documents. WIPC moves to compel the requested information.

**REQUEST FOR PRODUCTION NO. 31:**

Any agreement between you and any attorney evidencing your obligation, if any, to pay attorneys' fees pertaining to this matter.

**RESPONSE:**

Plaintiff objects to this request for production as irrelevant. Attorney [sic] fees will be determined under the <u>Johnson</u> test.

Plaintiff's relevance objection is frivolous because Plaintiff seeks attorneys' fees in this lawsuit, therefore, the fee agreement is relevant to his damages claim and may, in turn, lead to the discovery of other admissible evidence. Plaintiff's citation to the "Johnson" test is unresponsive. WIPC requests the Court compel Plaintiff's production of the fee agreement.

## VI.
## ATTORNEYS' FEES

WIPC has incurred attorneys' fees as a result of Plaintiff's unjustified failure to respond to WIPC's discovery requests, assertion of frivolous objections, and failure to abide by his own discovery responses wherein he agreed to produce documents. WIPC's counsel tried repeatedly to resolve these issues without the necessity of Court intervention, but Plaintiff's counsel failed to respond in any meaningful way.

WHEREFORE, WIPC respectfully requests the Court grant its Motion in full, award attorneys' fees associated with the Motion, and award any further relief to which it may be entitled.

Respectfully submitted,


**OGLETREE, DEAKINS, NASH, SMOAK &**
   **STEWART, P.C.**


Bryant S. McFall
Texas Bar No. 00784556
Alicia S. Voltmer
Texas Bar No. 00797605
700 Preston Commons
8117 Preston Road
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

In anticipation of the Court's referral of this Motion to the Hon. Magistrate Kaplan, I met with Plaintiff's counsel, Rob Wiley, for more than two hours on January 18, 2005 in an attempt to resolve these and other discovery issues, or, at a minimum, narrow the scope of issues for any future motions to compel. During the meeting, Mr. Wiley informed me that, despite the fact he agreed to produce documents in response to a number of requests for production, he had changed his mind and would not produce any responsive documents to particular requests.

At the end of the meeting, Mr. Wiley and I agreed to memorialize our discussions in writing to avoid any confusion about the substance of our agreements. On February 2, 2005, I sent Mr. Wiley a letter wherein I confirmed my understanding of our discussions and asked for his agreement of my summary. On February 8, 2005, I left Mr. Wiley a voice mail and followed up with a letter requesting compliance with our agreement. Copies of the letters referenced are included in the Appendix to this Motion. As of the date of the filing of this Motion, Mr. Wiley has not responded to my letter, prepared his own letter regarding the substance of our agreements, produced any documents, whatsoever, or otherwise indicated that the matters presented in this Motion are no longer in dispute. For these reasons, WIPC submits this Motion for the Court's consideration.

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of February 2005, a true and correct copy of this Motion was via certified mail, return receipt requested, to all counsel of record.