ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR – 7 2005

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

| | | |
|---|---|---|
| GARRETT SCHWAB | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:04:CV-1748-L |
| | § | |
| WYNDHAM INTERNATIONAL, INC. | § | |
| and WIPC MANAGEMENT, LLC D/B/A | § | |
| WYNDHAM INTERNATIONAL | § | |
| CORPORATE OFFICE, | § | |
| | § | |
| Defendants. | § | |

## JOINT STATUS REPORT REGARDING WIPC'S MOTION TO COMPEL AND FOR ATTORNEYS' FEES

Pursuant to Magistrate Kaplan's Order, dated March 2, 2005, the parties submit this Joint Status Report.

### A

**Names of Attorneys who Participated in Discovery Conference**

Rob Wiley participated on Plaintiff's behalf, and Alicia Voltmer participated on Defendant WIPC's behalf.

### B.

**The Matters Resolved by Agreement**

As a result of Plaintiff's supplementation of documents on February 28, 2005, following the filing of WIPC's Motion to Compel, the parties reached agreement on the following issues originally included in the Motion: (1) Plaintiff's Rule 26(A), (B), and (C) disclosures; (2) Plaintiff's answers to Interrogatory Nos. 2, 4-7, and 14; and (3) Plaintiff's responses to Request for Production Nos. 9 and 42. Additionally, Mr. Wiley and Ms. Voltmer conferred again on

JOINT STATUS REPORT REGARDING WIPC'S MOTION TO COMPEL – Page 1

March 7, 2005, during which time Mr. Wiley stipulated that regarding WIPC's Request for Production No. 6, Plaintiff has no documents responsive to this Request. Additionally, Mr. Wiley stipulated he would produce any documents authored by persons Plaintiff has identified as having knowledge of relevant facts, to the extent the documents relate to, or are in connection with, Plaintiff's allegations in this lawsuit. Mr. Wiley also agreed to produce a copy of the press release Plaintiff issued to several hundred news agencies.

Plaintiff additionally asserts the following with regards to the January 18, 2005 meeting: regarding all agreements to produce documents or respond to interrogatories, Plaintiff understands that all documents have now been produced (except for a "press release" that Plaintiff's counsel will produce to Defendant shortly). Plaintiff stipulates that he has produced all documents responsive to Defendant's request for production and the agreement of counsel reached at their January 18, 2005 meeting.

Considering that Plaintiff is and has been re-employed since his separation from WIPC, but has not produced information regarding his subsequent income, such as paystubs or invoices for freelance work, WIPC is skeptical Plaintiff has produced all requested documents in his possession, and will address this issue below.[1]

C.

## The Specific Matters that Need to be Heard and Determined

The responsiveness of Plaintiff's answers to WIPC's Interrogatory Nos. 3 and 8, and Request for Production Nos. 2, 7, 8, 10, 24-28, and 31.

---

[1] Plaintiff's position is contradictory in that, on the one hand, he asserts he has produced all responsive documents in his possession, but on the other hand, he stands on his objections to the disputed Requests for Production. Plaintiff should not be permitted to hide behind gamesmanship. If he has no responsive documents in his possession related to a specific Request, then he should so state.

**JOINT STATUS REPORT REGARDING WIPC'S MOTION TO COMPEL – Page 2**

**D.**

## A Detailed Explanation of the Reasons Why Agreement Could Not be Reached

*WIPC's Response*:

To assist the Court with it review of these matters, WIPC has excerpted the discovery at issue, Plaintiff's responses (App. at 1-29), and WIPC's reasons for compelling the information.

### PLAINTIFF'S INSUFFICIENT INTERROGATORY ANSWERS

**INTERROGATORY NO. 3:**

Have you attempted to secure employment with an employer other than Defendant since September 1, 2003? If your answer is "yes," identify each prospective employer you have contacted and the date you made the contact; the job applied for; the salary and benefit packages corresponding to each offer, if any; whether you accepted any offer; and if you declined any job offer please explain why such offer was declined.

**ANSWER:**

Plaintiff has attempted to secure employment. Plaintiff will supplement this response. Please see Plaintiff's reports to the Texas Employment Commission/Texas Workforce Commission. Plaintiff currently is self-employed. Plaintiff as been self-employed since May, 2004 and has been an insurance sales agent for Family Heritage since July 10, 2004.

This Interrogatory is directly related to WIPC's timely pled failure to mitigate defense. WIPC terminated Plaintiff's employment in September 2003, yet Plaintiff's response only addresses Plaintiff's current employment and does not account for the eight-month period between Plaintiff's separation from employment with WIPC and his job with Family Heritage. Plaintiff has been less than candid in his identification of subsequent employment. For example, in a letter from his attorney, dated February 15, 2005 but sent on March 1, 2005, Plaintiff identified another subsequent employer, the Center for American and International Law that he did not identify in his interrogatory response. (App. at 30). WIPC is entitled to know whether Plaintiff worked anywhere for any length of time during this intervening period and whether he currently has any other jobs, because in an employment case such as this, Plaintiff must mitigate

his damages, and has an affirmative duty to exercise reasonable diligence to obtain substantially equivalent employment. *Migis v. Pearle Vision, Inc.* 135 F.3d 1041, 1045 (5th Cir. 1998). Plaintiff has had nearly four months to provide the requested information, but has not done so. He has not asserted timely objections as to relevance or overbreadth, nor has he asserted that a response would be overly burdensome. His reliance on TWC documents is inadequate because Plaintiff does not confirm that the information, if any, contained in those records is current, complete, and responsive to the Interrogatory. Further, Plaintiff's incomplete answer fails to include salary and benefits information as requested. During the face-to-face meeting on January 18th, and again on March 7th, Plaintiff's counsel maintained Plaintiff applied "informally" to jobs, and that Defendants' counsel should ask for this information during Plaintiff's deposition, as opposed to in an interrogatory. For these reasons, the parties could not reach agreement and WIPC moves to compel a complete and responsive answer.

**INTERROGATORY NO. 8:**

Identify and describe with specificity each source of income or financial support you have had since September 1, 2003, the date or dates upon which such income or financial support was received, and identify the amount, in terms of monthly or other periodic payments, of income or financial support from each source identified.

**ANSWER:**

Plaintiff objects as irrelevant. Subject to and without waiving this objection, Plaintiff responds as follows:

Plaintiff received unemployment benefits from the Texas Workforce Commission. The amount and nature of such benefits are contained in the Texas Workforce Commission records. Plaintiff has signed a release and authorization for Defendant to obtain these records.

WIPC seeks this information to determine whether Plaintiff's receipt of income from other sources, such as a boyfriend or family member, has affected his incentive or otherwise impacted his ability to find replacement employment. This information is also relevant to

determine whether Plaintiff can legitimately complain about mental anguish related to his unemployment if he is (or was) receiving income from another source. Plaintiff's answer is clearly deficient considering that, in response to Interrogatory No. 3, he identified at least one other employer from whom he is presumably earning an income, but has not listed any income from that employment, or from any other source. Despite Plaintiff's initial objection to this Interrogatory as irrelevant, Plaintiff agreed to produce responsive documents. During the face-to-face meeting, however, Plaintiff's counsel changed course and asserted that *any* sources of income for Plaintiff following his employment were irrelevant. On March 7, 2005, Plaintiff's counsel changed course again and said he would identify sources of wage replacement but would not identify any other sources of income. Due to the parties' inability to agree on this issue, WIPC moves to compel a complete and responsive answer.

## PLAINTIFF'S INSUFFICIENT REQUEST FOR PRODUCTION RESPONSES

### REQUEST FOR PRODUCTION NO. 2:

All documents regarding, concerning or otherwise relating to your employment with Defendant, or separation of employment thereof, including, but not limited to, personnel documents, correspondence, memoranda, handwritten or typed notes, payroll records, tape recordings, job descriptions and documents reflecting job classification.

### RESPONSE:

Plaintiff objects as overly broad and vague. Subject to and without waving [sic] this objection, any responsive documents will be produced.

This Request relates to WIPC's timely asserted after-acquired evidence defense. Specifically, WIPC seeks the production of any documents in Plaintiff's possession that he took with him, or failed to return, upon his separation from employment. The Request is neither broad nor vague because it seeks all of WIPC's documents in Plaintiff's possession that relate to his employment, and then provides specific examples of the requested material. Despite

**JOINT STATUS REPORT REGARDING WIPC'S MOTION TO COMPEL – Page 5**

Plaintiff's agreement, notwithstanding his objections, to produce responsive documents in his possession, Plaintiff's counsel changed his mind during the face-to-face meeting and said Plaintiff would only produce documents if each type (i.e., job descriptions, payroll information), were specifically requested. Plaintiff's counsel also asserted the after-acquired evidence defense did not apply to the types of documents requested. On March 7, 2005, Plaintiff's counsel asserted he would stand on his overbroad objection and not produce any documents. Due to the parties' inability to agree on this Request, WIPC moves for an order compelling production.

**REQUEST FOR PRODUCTION NO. 7:**

Any non-privileged statement(s) made by you regarding your factual and legal allegations in this lawsuit including any written statements signed or otherwise adopted or approved by you in any stenographic, mechanical, electric or other type of recording or any transcription thereof made by you and contemporaneously recorded. This request specifically includes any tape or audio-recordings of any such statement(s).

**RESPONSE:**

Plaintiff objects as overly broad and vague. Subject to and without waving [sic] this objection, any responsive documents will be produced.

During the face-to-face meeting, Plaintiff's counsel, despite his Response, asserted the Request was too broad and he would not produce the requested information. Plaintiff's counsel reiterated this objection on March 7, 2005. The Request is narrowly tailored to *non-privileged* statements by Plaintiff regarding the factual and legal allegations *in this lawsuit*. In his other discovery responses, Plaintiff admitted he sent a "press release" regarding his allegations in this lawsuit to more than 200 gay, lesbian, and/or transgender news outlets. Although Plaintiff has not yet produced the press release, it is an example of the type of document WIPC seeks in this Request. Due to the parties' inability to agree on this Request, WIPC moves to compel the production of responsive documents.

**JOINT STATUS REPORT REGARDING WIPC'S MOTION TO COMPEL – Page 6**

**REQUEST FOR PRODUCTION NO. 8:**

Any written statement(s) made by Defendant concerning the factual and legal allegations made by you in this lawsuit.

**RESPONSE:**

Plaintiff objects as overly broad and vague. Subject to and without waving [sic] this objection, any responsive documents will be produced.

During the face-to-face meeting, and again on March 7, 2005, Plaintiff's counsel, despite his actual Response, asserted the Request was too broad and he would not produce any statements made by WIPC regarding the allegations in this lawsuit. Rule 26(b) provides, in relevant part, that "a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party." This Request is clearly proper, and WIPC therefore moves to compel Plaintiff to produce the requested documents.

**REQUEST FOR PRODUCTION NO. 10:**

All documents regarding, concerning or otherwise relating to any statement you contend constitutes an admission of Defendant with respect to the causes of action asserted in the Complaint.

**RESPONSE:**

Plaintiff objects as overly broad and vague. Subject to and without waving [sic] this objection, any responsive documents will be produced.

This Request is similar to Request No. 8 because it seeks the production of any documents containing admissions by WIPC related to this lawsuit. There is nothing vague about the Request because it is narrowly tailored to admissions by WIPC related to Plaintiff's causes of action. During the face-to-face meeting, and again on March 7, 2005, Plaintiff's counsel decided he would not produce any of the requested documents, despite his written response to the contrary. Due to the parties' inability to agree on this Request, WIPC moves to compel production.

**REQUEST FOR PRODUCTION NO. 24:**

All documents, photographs, slides, negatives, motion pictures, video tapes or other visual reproduction relating to the subject matter of this lawsuit or to the damages claimed by you herein.

**RESPONSE:**

Plaintiff objects as overly broad and vague. Subject to and without waiving this objection, any responsive documents will be produced.

WIPC's Request is narrowly tailored to the issues in this litigation. During the face-to-face meeting, and again on March 7, 2005, Plaintiff's counsel asserted, in contradiction to his response, that the Request was too broad and he would not produce *any* responsive documents. Due to the parties' inability to agree on this Request, WIPC moves to compel production.

**REQUEST FOR PRODUCTION NO. 25:**

All documents which evidence, describe, concern or otherwise relate to the allegations in Paragraphs 6 through 31 of your Complaint.

**RESPONSE:**

Plaintiff objects to this Request as overly broad and vague.

**REQUEST FOR PRODUCTION NO. 26:**

All documents which evidence, describe, concern or otherwise relate to the allegations in Paragraphs 32 through 35 of your Complaint.

**RESPONSE:**

Plaintiff objects to this Request as overly broad and vague.

**REQUEST FOR PRODUCTION NO. 27:**

All documents which evidence, describe, concern or otherwise relate to the allegations in Paragraphs 36 through 37 of your Complaint.

**RESPONSE:**

Plaintiff objects to this Request as overly broad and vague.

**REQUEST FOR PRODUCTION NO. 28:**

All documents which evidence, describe, concern or otherwise relate to the allegations in Paragraphs 38-39 of your Complaint.

**RESPONSE:**

Plaintiff objects to this Request as overly broad and vague.

Plaintiff's objections to Request Nos. 25-28 are unconscionable because the Requests seek information related to specifically enumerated paragraphs in Plaintiff's own Complaint. WIPC is entitled to know whether Plaintiff has any documents that relate in any way to Plaintiff's allegations in this lawsuit. During the face-to-face meeting, and again on March 7, 2005, Plaintiff's counsel reaffirmed his objection and refused to produce any responsive documents. Due to the parties' inability to agree on this Request, WIPC moves to compel production.

**REQUEST FOR PRODUCTION NO. 31:**

Any agreement between you and any attorney evidencing your obligation, if any, to pay attorneys' fees pertaining to this matter.

**RESPONSE:**

Plaintiff objects to this request for production as irrelevant. Attorney [sic] fees will be determined under the Johnson test.

Plaintiff's relevance objection is frivolous because Plaintiff seeks attorneys' fees in this lawsuit, therefore, the fee agreement is relevant to his damages claim and may, in turn, lead to the discovery of other admissible evidence. Plaintiff's citation to the "Johnson" test is unresponsive. Due to the parties' inability to agree on this Request, WIPC moves to compel production.

In summary, WIPC's discovery requests are narrowly tailored to the issues in this lawsuit, including WIPC's timely pled defenses. For the reasons stated herein, WIPC moves for

an order compelling answers and responsive documents, and requests its attorneys' fees in connection with this motion.

*Plaintiff's Response:*

Plaintiff responds to Defendant's motion as follows:

Defendant's Interrogatory Number 3:

- Synopsis: Plaintiff does not oppose and has provided responsive information regarding Plaintiff's formal job search. Plaintiff and Defendant disagree as to whether Plaintiff should be compelled to produce a laundry list of Plaintiff's informal job search. Plaintiff contends that such a response is improper for an interrogatory. Plaintiff does not oppose allowing Defendant to seek such information through deposition.

- What must be heard: Whether Defendant can compel additional response to interrogatory number 3.

- Why agreement could not be reached: Defendant and Plaintiff disagree as to whether Plaintiff must detail, through interrogatory, all informal efforts he made at securing replacement unemployment.

Defendant's Interrogatory Number 8:

- Synopsis: Plaintiff does not oppose and has provided responsive information regarding wage and wage replacement (TWC) money. Plaintiff contends that money received from friends and family, or similar support, is irrelevant.

- What must be heard: Whether Defendant can compel Plaintiff to detail non-wage related support he received from friends and family, or similar support.

- Why agreement could not be reached: Defendant and Plaintiff disagree as to whether such information is relevant.

Defendant's Request for Production Number 2:

- Synopsis: This request asks Plaintiff to produce all documents related to his employment. Plaintiff contends this request is overly broad.

- What must be heard: Whether Defendant can compel Plaintiff to produce all documents related to Plaintiff's employment.

- Why agreement could not be reached: Defendant and Plaintiff disagree as to whether Defendant's request is overly broad.

Defendant's Request for Production Number 7:

- Synopsis:  This request asks Plaintiff to produce all non-privileged statements made by Plaintiff regarding the lawsuit.  Plaintiff contends this request is overly broad

- What must be heard:  Whether Defendant can compel Plaintiff to produce all non-privileged statements made by Plaintiff regarding the lawsuit.

- Why agreement could not be reached:  Defendant and Plaintiff disagree as to whether Defendant's request is overly broad.

Defendant's Request for Production Number 8:

- Synopsis:  This request asks Plaintiff to produce all statements Wyndham (defined broadly) made regarding legal and factual allegations contained in the lawsuit.

- What must be heard:  Whether Defendant can compel Plaintiff to produce all statements Wyndham and its representatives made regarding legal and factual allegations contained in the lawsuit.

- Why agreement could not be reached:  Defendant and Plaintiff disagree as to whether Defendant's request is overly broad.

Defendant's Request for Production Number 10:

- Synopsis:  This request asks Plaintiff to produce all statements Wyndham (defined broadly) made that are an admission against interest.

- What must be heard:  Whether Defendant can compel Plaintiff to produce all statements Wyndham and its representatives made that are an admission against interest.

- Why agreement could not be reached:  Defendant and Plaintiff disagree as to whether Defendant's request is overly broad.

Defendant's Request for Production Number 24:

- Synopsis:  This request asks Plaintiff to produce all photos, videotapes, motion pictures, etc. related to the lawsuit or damages.  Plaintiff contends this request is overly broad.

- What must be heard:  Whether Defendant can compel Plaintiff to produce all photos, videotapes, motion pictures, etc. related to the lawsuit or damages.

- Why agreement could not be reached:  Defendant and Plaintiff disagree as to whether Defendant's request is overly broad.

Defendant's Requests for Production Number 25-28:

- Synopsis:  The requests ask Plaintiff to produce all documents that "evidence, describe, concern or other wise relate to" paragraphs 32-35, 36-38, and 39-40 of Plaintiff's complaint.  Plaintiff contends that these requests are overly broad.

- What must be heard:  Whether Defendant can compel Plaintiff to produce all documents that "evidence, describe, concern or other wise relate to" paragraphs 32-35, 36-38, and 39-40 of Plaintiff's complaint.

- Why agreement could not be reached:  Defendant and Plaintiff disagree as to whether Defendant's request is overly broad.

Defendant's Requests for Production Number 31:

- Synopsis:  The requests ask Plaintiff to produce Plaintiff's fee agreement with his attorney.  Plaintiff contends that (1) the fee agreement is not relevant as attorneys fee's will be awarded under the Johnson factors and the loadstar method, and (2) even if relevant on these matters, Plaintiff's fee agreement is not relevant until Plaintiff becomes the prevailing party.

- What must be heard:  Whether Defendant can compel Plaintiff to produce his fee agreement with his attorney.

- Why agreement could not be reached:  Defendant and Plaintiff disagree as to whether Defendant's request is relevant.

Respectfully submitted,

**ROB WILEY, P.C.**

Robert J. Wiley   by ASV, with permission
Robert J. Wiley
Texas Bar No. 24013750
3131 Turtle Creek Blvd.
Ste. 650
Dallas, Texas  75219
(214) 528-6500
(214) 528-6511

**ATTORNEYS FOR PLAINTIFF**

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

Bryant S. McFall
State Bar No. 00784556
Alicia Sienne Voltmer
State Bar No. 00797605
700 Preston Commons
8117 Preston Road
Dallas, Texas 75225
(214) 987-3800
(214) 987-3927 (facsimile)

**ATTORNEYS FOR DEFENDANTS**

**JOINT STATUS REPORT REGARDING WIPC'S MOTION TO COMPEL – Page 13**