ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR – 8 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARRETT SCHWAB | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-1748-L |
| | § | |
| WYNDHAM INTERNATIONAL, | § | |
| INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Defendant WIPC Management, LLC has filed a motion to compel discovery and for attorney's fees in this gender discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* At issue is the sufficiency of plaintiff's answers to two interrogatories and 10 document requests.[1] The parties have briefed their respective arguments in support and opposition to the motion in a joint status report filed on March 7, 2005, and this matter is ripe for determination.

In two interrogatories, defendant seeks information about: (1) plaintiff's attempts to secure employment since September 1, 2003 (Interrogatory No. 7); and (2) all sources of income or financial support received by plaintiff since September 1, 2003 (Interrogatory No. 8). Plaintiff has provided information regarding his formal job searches, but objects to producing a "laundry list" of his informal attempts to secure employment. Plaintiff also contends that any money he received

---

[1] Defendant originally sought an order compelling: (1) Rule 26 initial disclosures; (2) answers to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8 & 14; and (3) the production of documents responsive to Request Nos. 2, 7, 8, 9, 10, 24, 25, 26, 27, 28, 31 & 42. After the motion was filed, the parties reached agreement on the initial disclosures, Interrogatory Nos. 2, 4, 5, 6, 7 & 14, and Request Nos. 9 & 42. (*See* Jt. Stat. Rep. at 1-2, § B & App. at 30-31). Therefore, the only matters still in dispute are Interrogatory Nos. 3 & 8 and Request Nos. 2, 7, 8, 10, 24, 25, 26, 27, 28 & 31.

from friends, family, or similar support is irrelevant. The court disagrees. Information relating to plaintiff's attempts to secure employment, whether formal or otherwise, is relevant to the affirmative defense of failure to mitigate of damages. Similarly, whether plaintiff has received support from outside sources may help establish a lack of incentive to find alternative employment. Such information also is relevant to plaintiff's claim for mental anguish caused by his unemployment. Accordingly, plaintiff's objections to Interrogatory Nos. 7 & 8 are overruled.

Plaintiff contends that nine requests for production propounded by defendant are "overly broad" and "vague." Notwithstanding these boilerplate objections, plaintiff has agreed to produce documents responsive to Request Nos. 2, 7, 8, 10 & 24. No such agreement has been made with respect to Request Nos. 25, 26, 27 & 28. The court determines that each of these requests describe the documents or category of documents "with reasonable particularity." *See* Fed. R. Civ. P. 34(b). Plaintiff has failed to establish that the requests are overly broad or vague. *See St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 513 (N.D. Iowa 2000), *citing McLeod, Alexander, Powell & Apfell, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ("party resisting discovery must show specifically how . . . each [discovery request] . . . is overly broad, burdensome or oppressive"). Accordingly, plaintiff's objections to Request Nos. 2, 7, 8, 10, 24, 25, 26, 27 & 28 are overruled.

Request No. 31 seeks "[a]ny agreement between you and your attorney evidencing your obligation, if any, to pay attorney's fees pertaining to this matter." Plaintiff objects to this document request as irrelevant to the determination of attorney's fees under the *Johnson* test.[2] The issue of attorney's fees will be decided by the court in accordance with the procedures set forth in Fed. R.

---

[2] *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).

Civ. P. 54(d)(2).  Therefore, any discovery regarding attorney's fees will be deferred until such time, if any, as the court enters a final judgment in favor of plaintiff.

## CONCLUSION

Defendant's motion to compel discovery is granted in part and denied in part.  The motion is granted with respect to Interrogatory Nos. 7 & 8 and Request Nos. 2, 7, 8, 10, 24, 25, 26, 27 & 28. Plaintiff shall make full and complete answers to these interrogatories and produce all documents responsive to these requests for production by **March 23, 2005.**  The motion is denied with respect to Request No. 31 and defendant's request for attorney's fees.[3]

SO ORDERED.

DATED:  March 8, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Although defendant requested attorney's fees as part of its motion, this issue was not briefed or addressed by the parties in their joint status report.  Consequently, the court declines to award attorney's fees to defendant.